LEVI MORPHEW *v.* JOSEPH TATEM and others.

*Appeal Bond, justification of.*

The justification of a surety to an undertaking on appeal, must be made by the surety himself. The affidavit of another as to the pecuniary reputation of the surety will not answer the demands of the law. See preceding case.

MORPHEW *v.* TATEM.

MOTION to dismiss an appeal heard at October Term, 1883, of THE SUPREME COURT.

*Messrs. J. W. Todd* and *J. F. Morphew,* for plaintiff.
*Messrs. Q. F. Neal* and *R. Z. Linney,* for defendants.

MERRIMON, J.   The plaintiff appellee moves to dismiss the appeal because the surety to the undertaking has not made affidavit as required by THE CODE, §560, that he is worth double the sum of money specified in the undertaking.

It appears that the surety made no affidavit at all, but one Daniel Dougherty made affidavit "that the surety and principal in the above bond (referring to the undertaking) are worth fifty dollars above their debts and exemptions, according to reputation.

The statute requires that the surety shall make the affidavit. He is presumed to know his pecuniary and property circumstances better than any one else, and ought to make the affidavit.

But if another can be allowed to do so, the affidavit in this case is insufficient.   The affiant does not swear that he knows the circumstances of the surety at all; he swears to "reputation." This is not a compliance with the statute in form or substance. The intent of the statute is to serve a substantial purpose, and we cannot undertake to impair its force and effect by giving it a construction prompted by a desire to relieve negligent appellants.

The motion to dismiss the appeal must be allowed.   It is so ordered.

PER CURIAM.                                Appeal dismissed.